## Ferrar *v.* Steward, Appellant.

494

Argued May 29, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Earl V. Compton,* with him *Compton, Handler & Berman,* for appellant.

*Martin H. Lock,* for appellee.

OPINION PER CURIAM, November 18, 1957:

In 1949, the defendant, Steward, was the record owner of a cemetery known as the Fairview Memorial Estate. In the same year, Albert Ferrar, now deceased, paid Steward the sum of $10,000 as a part-payment on the purchase of the cemetery, and accepted from Steward the following instrument:

"January 10, 1949

"Mr. Albert Ferrar
Elmhurst, Pa.

"This will acknowledge receipt of sum of ten thousand ($10,000.00) dollars as a payment on account of the purchase of Fairview Memorial Estate and should you not want to make this purchase I will refund this money to you. At the end of six months if you have made no further payments on account of this purchase

of the Fairview Memorial Estate I am to have the privilege of returning your money.

(s) RAY E. STEWARD

Accepted

(s) ALBERT FERRAR"

The transaction was not completed by Ferrar before his death in 1951. Subsequently, Steward offered to sell the cemetery to Ferrar's estate, but negotiations proved unsuccessful. The administrator of the estate advised the defendant that the Ferrar heirs demanded the return of the $10,000 which their father had paid. Steward refused to refund the money, and shortly thereafter sold the property to a third party. The administrator thereupon brought suit in the Court of Common Pleas of Dauphin County, in 1953, upon a theory of unjust enrichment to recover the part payment.

Steward, as his defense and as the basis for a counterclaim, alleged that he had credited the $10,000 payment on a debt owed him by Ferrar arising from a parol agreement made with the decedent in 1942. Under the terms of the alleged agreement the defendant was to advance the money for the purchase of the cemetery to Ferrar, and take the title thereto in his own name. When Ferrar repaid Steward the purchase price and certain other sums due,[1] the defendant was to convey the cemetery to Ferrar.

At the trial Steward's secretary and attorney testified to the making of the parol agreement, the purchase and operation of the cemetery, and the receipt of the $10,000 as a part payment on account of the oral understanding. The jury accepted Steward's evidence as to

[1] Steward sought payment for working capital furnished, supervision of the business, keeping books and records, operating losses, and interest at 6% on these sums and on the purchase price.

the parol agreement and returned a verdict in his favor. However, on plaintiff's motion, the court ordered a new trial on the grounds that the testimony of defendant's witnesses had been received in violation of the Parol Evidence Rule and that the verdict was contrary to the weight of the evidence. From this order of the court below the defendant now appeals.

The writing Steward delivered to Ferrar in 1949 embodied a complete agreement as to the disposition of the $10,000. The sum was paid "on account of the purchase of Fairview Memorial Estate" and was to be refunded to Ferrar if he did not "want to make this purchase." The evidence introduced in support of defendant's contention that Ferrar was already the equitable owner of the cemetery, and indebted to Steward for the purchase price, is at variance with the terms of "purchase and sale" contained in the writing. This evidence was, therefore, inadmissible under the Parol Evidence Rule, and should have been excluded by the trial court.

For this reason the order of the court below granting a new trial must be affirmed.

Order affirmed.